UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAWIT FITSUM KALAYU,

Petitioner,

v.

MARKWAYNE MULLIN, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, ET AL.,

Respondents.

Case No.:  26cv2394-LL-VET

**ORDER GRANTING IN PART AND DENYING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

[ECF No. 8]

Before the Court is Petitioner Dawit Fitsum Kalayu's operative Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 8 ("Pet."). Respondents filed a Return in opposition to the Petition. ECF No. 10 ("Ret."). Petitioner filed a Traverse in support of his Petition. ECF No. 11. For the reasons set forth below, the Amended Petition is **GRANTED IN PART** and **DENIED IN PART**.

I.    BACKGROUND

Petitioner, a citizen of Ethiopia, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since September 20, 2025, when he entered the United States. Pet. at 2; *see also* Decl. of Dawit Fitsum Kalayu

1

at ECF No. 8-1, ¶ 1. He "immediately" turned himself into U.S. Customs and Border Protection officers. Pet. at 2. Mr. Kalayu received a positive credible fear determination and was issued a Notice to Appear. Ret. at 2. Mr. Kalayu applied for asylum, withholding of removal, and relief under the Convention Against Torture. *Id*.

In February 2026, DHS filed a Motion to Pretermit Petitioner's applications for relief due to Petitioner being subject to the Asylum Cooperative Agreement with Uganda. *Id*. at 3; *see also* Exhibit 4 to the Return. On February 18, 2026, an immigration judge denied Petitioner's applications, granted the Motion to Pretermit, and ordered Petitioner removed to Uganda. *Id.* Petitioner states that the government has "never found" Mr. Kalayu to be a danger "or even a flight risk, much less an emergency threat to national security." Traverse at 5. Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"), and the appeal is still pending. Ret. at 2; *see also* Exhibit 5 to the Return.

Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1225(b) and also argues that the Immigration Judges' neutrality has been "compromised." Pet at 15-16. Accordingly, Petitioner seeks either immediate release or additional safeguards on any bond hearing. *Id*. Respondents filed a Return to the Amended Petition, in which they argue that Petitioner is "mandatorily detained under 8 U.S.C. § 1225(b)(1) and also that the immigration judges' neutrality is not compromised. Ret. at 10-11.

For the reasons stated below, the Court **GRANTS** Petitioner's request for an individualized bond hearing before an immigration judge and **DENIES** Petitioner's request for immediate release and request for a bond hearing before the district court.

## II.    LEGAL STANDARD

A federal prisoner challenging the execution of his sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, §

106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process — for example, a claim of indefinite detention — federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## III. DISCUSSION

In Respondents' Return to the Petition, they raise the following arguments: (1) Petitioner's claim is jurisdictionally barred by 8 U.S.C. § 1252(g); (2) Petitioner is lawfully detained under 8 U.S.C. § 1225(b) and his detention has not become unconstitutionally prolonged as to violate due process; and (3) immigration judges' neutrality has not been compromised. The Court will address each of these issues in turn.

### A. Jurisdiction and 8 U.S.C. § 1252

The arguments with regards to jurisdiction being barred under 8 U.S.C. § 1252 are identical to those recently addressed by the undersigned in *Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025). The Court adopts its reasoning as to these issues and incorporates it by reference. *See also Martinez Lopez v. Noem et al.*, No. 25-CV-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025) (holding same).

### B. Detention Under 8 U.S.C. § 1225 and Length of Detention

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will — at some point — violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005, 1020 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (collecting cases).

In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g, Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, over eight months, without a bond hearing weighs in Petitioner's favor. Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. *See, e.g., Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 809 F. Supp. 3d at 1095 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that he has reason to anticipate significant future detention since his appeal process could go on for an undetermined amount of time. Pet. at 8. The Court agrees, since Respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest delay by Respondents nor Petitioner. *See generally* Pet.; Ret. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, the Petitioner is entitled to a bond hearing.

/ / /

26cv2394-LL-VET

## C. Neutrality Concerns Surrounding Immigration Judges

Petitioner argues that the Court should order his immediate release because immigration judges' neutrality has been "severely compromised." Pet. at 8. The Court declines to address the issues raised by Petitioner regarding the neutrality of immigration courts. *See, e.g.*, *Sandesh v. LaRose*, No. 26-CV-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026). "It is axiomatic that the [Immigration Judge] must apply the proper legal standard to effectuate this Court's order for a bond hearing." *Id.* Indeed, "[d]istrict courts are better positioned to review the implementation of their orders in cases such as this after the bond hearing has occurred, so that the complete record in the case may be fairly evaluated." *Id.* (internal citation omitted). Accordingly, Petitioner's request for immediate release on this ground is **DENIED**.

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Mr. Kalayu's Amended Petition for a Writ of Habeas Corpus (ECF No. 8) as follows:

1. Mr. Kalayu's request for immediate release or to have the bond hearing conducted by the district court is **DENIED**.

2. Mr. Kalayu's alternative request for the Court to order a bond hearing is **GRANTED**. The Court **ORDERS** the government to provide Mr. Kalayu with an individualized bond hearing within **fourteen (14) days** before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Mr. Kalayu is a danger to the community or a flight risk if released.

3. The immigration judge **SHALL** consider alternative conditions of release and Mr. Kalayu's ability to pay bond if he or she determines bond is appropriate. *Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

4. If requested by Mr. Kalayu, the government **SHALL** assist Mr. Kalayu in obtaining the audio recording of the bond hearing. *Martinez v. Clark*, 124

26cv2394-LL-VET

F.4th 775, 786 (9th Cir. 2024) (citing *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011)).

5. The Clerk of Court shall enter judgment in Mr. Kalayu's favor and close this case.

**IT IS SO ORDERED**.

Dated:  June 1, 2026

_____

Honorable Linda Lopez
United States District Judge

6

26cv2394-LL-VET